Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 20 AM 9: 03



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0121-09 |
| | ) |
| vs. | ) |
| | ) |
| TYRONE TELIU, | ) DECISION AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |

This matter came before the Honorable Alberto C. Lamorena III on July 1, 2009 on Defendant's Motion to Suppress. Attorney Clyde Lemons, Jr. appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Stephen Hattori. After reading the parties' briefs and hearing the parties' arguments, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On March 7, 2009, Guam Police Department officers were informed of an allegation that the Defendant was involved in a physical assault. An officer met with the Defendant at a residence, noted that the Defendant exhibited signs of intoxication and had visible blood stains on his feet, and asked Defendant to come to the precinct for an interview. The officer placed the Defendant in handcuffs and took him to the precinct, where the Defendant was placed into an

-1-


ORIGINAL

interview room for approximately three hours. After three hours, the officer read and explained Defendant's Miranda rights to him, subsequently receiving a statement from him regarding his involvement. Defendant was then formally placed under arrest.

## DISCUSSION

Defendant argues that he was "in custody" for constitutional purposes and had been arrested within the meaning of Title 8 G.C.A. §20.10 upon being handcuffed and taken to the precinct, and that the officer failed to present him with the formal advisements as required by Title 8 G.C.A. §20.35 at that time, as well as Miranda advisements. Based upon this failure, Defendant contends that he was unable to appreciate the situation he was in, and that his waiver of rights was neither knowing nor intelligent as required in the Miranda line of cases.

In People v. Cundiff, 2006 Guam 12, the Guam Supreme Court analyzed a similar situation, holding that a defendant is under arrest for the purposes of §20.35 when handcuffed and transported to the precinct, with no indication given that the defendant is free to leave at any time. However, "the failure to strictly comply with the statutory requirements for an arrest does not necessitate suppression of evidence." Id. at ¶ 35. The Defendant in this matter has not argued that the arrest was illegal or made without probable cause, but rather that the delay of formally arresting the Defendant made his waiver of rights neither knowing nor intelligent.

The People have presented a custodial interrogation form including Miranda advisements which the Defendant initialled and signed prior to providing the statement at issue, and presented evidence that they had informed Defendant of the reason for the interview. Defendant has not argued that the form was signed under duress, nor has he provided a sufficient reason why a failure to provide formal notice of arrest would make this waiver neither knowing nor intelligent.

-2-

## CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress is hereby DENIED. A pre-trial conference will be held on August 21, 2009, at 3:00 p.m. Jury selection will be held on September 8, 2009, at 9:00 a.m.

**IT IS SO ORDERED** this 19th day of August, 2009.

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

